UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| MARQUETTE MARSHALL,Pro Se<br><br>Plaintiff,<br><br>v.<br><br>NAVY FEDERAL CREDIT UNION ,<br>Defendant. | **COMPLAINT**<br><br>C/A No. 1:26-2077-MGL-SVH |



## COMPLAINT FOR VIOLATIONS OF THE EQUAL CREDIT OPPORTUNITY ACT

### I. JURISDICTION AND VENUE

1. This action arises under the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 et seq., and Regulation B, 12 C.F.R. § 1002 et seq.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action presents a federal question.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred within this District and Plaintiff resides within this District.

### II. PARTIES

4. Plaintiff, MARQUETTE MARSHALL, is a natural person and consumer residing in Aiken.

5. Defendant, Navy Federal Credit Union, is a financial institution and "creditor" as defined under ECOA, 15 U.S.C. § 1691a(e), because it regularly extends, renews, or continues credit.

## III. FACTUAL ALLEGATIONS

6. On April 7, 2026, Plaintiff submitted a completed written application package requesting credit from Defendant.(Exhibit A)

7. The completed application package was sent by certified mail through the United States Postal Service ("USPS").(Exhibit A)

8. Plaintiff possesses USPS Form 3811 signed by a postal employee as proof of the documents mailed to Defendant on April 7, 2026.)(Exhibit B)

9. Defendant received and signed for the completed application package on April 15, 2026.(Exhibit C)

10. The submitted package included Plaintiff's completed request for credit and supporting documents necessary for review and consideration.

11. Upon information and belief, Defendant received and reviewed Plaintiff's submitted request for credit.

12. On April 21, 2026, Plaintiff received a message from Defendant through Defendant's online message board acknowledging receipt of Plaintiff's request regarding establishment of a Navy Federal credit card account.(Exhibit E)

13. In the April 21, 2026 message, Defendant stated that Plaintiff would need to apply online, by telephone, or in person in order for the request to be considered.

14. Defendant did not state that Plaintiff's submitted application package was incomplete.

15. Defendant did not identify any missing information or documents allegedly required to complete the application.

16. Defendant did not provide Plaintiff with a notice of incompleteness as required under Regulation B.

17. Defendant additionally failed to provide Plaintiff with:

    a. an approval of credit;

    b. a denial of credit;

    c. a counteroffer; or

    d. a legally compliant adverse action notice.

18. Defendant further failed to provide any written notice containing specific reasons for refusal to process or evaluate Plaintiff's submitted credit application.

19. On May 8, 2026, Plaintiff mailed Defendant a written notice regarding Defendant's violations of ECOA and Regulation B.(Exhibit F)

20. Defendant received and signed for Plaintiff's notice of violation on May 13, 2026.(Exhibit G)

21. Despite receiving Plaintiff's notice regarding ECOA compliance failures, Defendant failed to cure the violations or provide a compliant adverse action notice.

22. Pursuant to 15 U.S.C. § 1691(d) and 12 C.F.R. § 1002.9, Defendant was required to notify Plaintiff of action taken on the completed application within thirty (30) days after receipt of the completed application.

23. Defendant failed to comply with the notice requirements mandated by ECOA and Regulation B.

24. Defendant's conduct deprived Plaintiff of the ability to receive lawful consideration of the submitted application and the specific reasons required by federal law for any refusal to extend or evaluate credit.

## IV. FIRST CAUSE OF ACTION

Violation of ECOA – Failure to Provide Notice of Action Taken

## 15 U.S.C. § 1691(d)

25. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

26. Plaintiff was an "applicant" within the meaning of ECOA.

27. Defendant was a "creditor" within the meaning of ECOA.

28. Plaintiff submitted a completed application for "credit" within the meaning of ECOA to Defendant.

29. Defendant received the completed application on April 15, 2026.

30. Pursuant to ECOA and Regulation B, Defendant was required to notify Plaintiff of action taken on the completed application within thirty (30) days.

31. Defendant failed to provide:

   a. approval;

   b. denial;

   c. counteroffer;

   d. notice of incompleteness; or

   e. a legally compliant adverse action notice.

32. Defendant additionally failed to provide specific reasons for refusing to process or evaluate Plaintiff's submitted application as required under ECOA and Regulation B.

33. Defendant's conduct violated 15 U.S.C. § 1691(d) and 12 C.F.R. § 1002.9.

34. As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages including loss of credit opportunity, delay, frustration of statutory rights, and other damages to be proven at trial.

35. Plaintiff is entitled to actual damages, statutory damages, costs, and all other relief authorized under 15 U.S.C. § 1691e.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that Defendant violated ECOA and Regulation B;

B. Award actual damages pursuant to 15 U.S.C. § 1691e;

C. Award statutory damages as permitted by law;

D. Award costs and fees as permitted by law;

E. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

MARQUETTE MARSHALL
Plaintiff, Pro Se

421 Good Springs Rd

AIKEN SC, 29801
803-998-7201

MARSHALL.MARQUETTE@yahoo.com